IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-15-468 |
| | * | |
| SHONGO OWENS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM & ORDER**

Before the court is Shongo Owens's correspondence regarding COVID-19 cases, which the court construes as a pro se motion for compassionate release (ECF 362). Owens seeks relief on the basis that he contracted COVID-19 in late November.

The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Owens does not contend that he has made a request for compassionate release to his warden as contemplated by 18 U.S.C. § 3582(c)(1)(A). Even if Owens had demonstrated that he had exhausted his administrative remedies, the court is not persuaded that Owens's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] While Owens claims that at the time of his motion, he was

---

[1] 28 U.S.C. § 994(t) gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act of 2018 and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id*. at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

experiencing common symptoms of COVID-19, including shortness of breath, a sore throat, and a loss of taste and smell, there is no indication that he is in danger of developing more serious symptoms, that he has any underlying medical conditions that would increase his risk of severe illness from COVID-19, or that he is not receiving medical care. Owens also includes no medical records documenting the nature and extent of his symptoms or whether he has recovered from his illness. The court certainly hopes for Owens's recovery, but without evidence that his positive COVID-19 diagnosis or the possibility of reinfection poses an immediate and serious risk to Owens's health, the court is not persuaded that his current health status is a extraordinary and compelling reason for his release. *See, e.g.*, *United States. v. Hartley*, No. 5:13-cr-0046-KDV-DSC-1, 2020 WL 4926146, *3–4 (W.D.N.C. Aug. 21, 2020).[2][3]

Accordingly, Owens's motion for compassionate release (ECF 362) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this  14th  day of January, 2021.

/S/
Catherine C. Blake
United States District Judge

---

[2] Unpublished opinions are cited for the persuasiveness of their reasoning, and not for any precedential value.
[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.