IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SHONGO LECARR OWENS. | Criminal No. CCB-15-0468 |

**MEMORANDUM & ORDER**

Shongo LeCarr Owens asks the court to reconsider its April 4, 2023, opinion denying his motion for resentencing under 28 U.S.C. § 2255. *See* Mot. for Reconsideration, ECF 420 ("Mot."). Under Federal Rule of Civil Procedure 54(b), the court may "reconsider and modify its interlocutory judgments" at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). A motion for reconsideration is "committed to the discretion of the district court," *id.* at 515, and generally will be granted only where a party has shown (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice, *see Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Owens argues that the court committed clear error by "fail[ing] to address, at all, the arguments made in [his] amended pleadings." Mot. at 3.

Specifically, Owens suggests that the court failed to respond to the arguments contained in ECF 312-2, his Memorandum of Law in Support of Amended 28 U.S.C. § 2255 Motion ("Mem. Supporting Suppl. Mot."). *See id.* at 3-4. In that memorandum, Owens advanced two bases for § 2255 relief: (1) ineffective assistance of appellate counsel, *see* Mem. Supporting Suppl. Mot. at 6-9, and (2) ineffective assistance of trial counsel, *see id.* at 10-13.

As the court explained in its opinion denying § 2255 relief, a "habeas petitioner like Mr.

1

Owens may" succeed on an "ineffective assistance of counsel" claim "only where (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Mem. Op. at 6, ECF 415 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Mr. Owens, however, could not show prejudice because "even if the court were to 'grant him 28 U.S.C. § 2255 relief' and resentence him, it would impose the same 240-month sentence it set in 2017." *Id.* at 7. His motion failed on that ground.

Accordingly, the court's opinion on Owens's § 2255 motion expressly considered, and properly rejected, the arguments raised in Owens's amended pleadings.[1] The court therefore **DENIES** Owens's Motion to Alter or Amend Judgment or for Reconsideration, ECF 420, and **DENIES** Owens's request for a certificate of appealability.

So Ordered.

    May 10, 2023                                                                 /s/
Date                                                                           Catherine C. Blake
                                                                                United States District Judge

---

[1] Indeed, the court's characterization of Owens's arguments cited the portion of Owens's brief he now claims the court failed to consider. *See* Mem. at 6 (citing Mem. Supporting Suppl. Mot. at 6-13).